

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0036-19

### NELSON ALBERTO HERNANDEZ, Appellant

### v.

### THE STATE OF TEXAS

### ON APPELLANT'S AND STATE'S
### PETITIONS FOR DISCRETIONARY REVIEW
### FROM THE FIRST COURT OF APPEALS
### HARRIS COUNTY

*Per curiam*.

### O P I N I O N

Appellant was convicted of "assault-family member." On appeal, he argued, *inter alia*, that the judgment should be reformed to reflect a conviction for "assault," and that the $25 "district attorney" fee in the clerk's bill of cost was unconstitutional. The Court of

Appeals rejected Appellant's claim regarding the judgment but agreed that the "district attorney" fee violated separation of powers because the Art. 102.008(a) "does not state where the $25 fee is to be directed." *Hernandez. State*, 562 S.W.3d 500 (Tex. App.–Houston [1st District] 2017).

Both Appellant and the State have filed petitions for discretionary review of this decision. We refuse Appellant's petition.

The State challenges the appellate court's holding about the constitutionality of the fee provided for in Art. 102.008(a). We recently handed down our opinion in *Allen v. State*, No. PD-1042-18, 2019 Tex. Crim. App. LEXIS 1172 (Tex. Crim. App. November 22, 2019), in which we held that "a reimbursement-based court-cost statute need not direct the collected funds to be expended for a criminal justice purpose in order to comport with separation of powers principles."

The Court of Appeals in the instant case did not have the benefit of our opinion in *Allen*. Accordingly, we grant the State's petition for discretionary review, vacate the judgment of the Court of Appeals, and remand this case to the Court of Appeals in light of our opinion in *Allen*.

DATE DELIVERED: January 15, 2020

DO NOT PUBLISH